# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-591V
Filed: September 4, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KATHY COX, | * |
| | * |
| Petitioner, | *   Ruling on Entitlement and Damages |
| | *   Decision Based on Proffer; Concession; |
| | *   Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH | *   Shoulder Injury Related to Vaccine |
| AND HUMAN SERVICES, | *   Administration ("SIRVA"); Special |
| | Processing Unit ("SPU") |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew Downing*, Van Cott & Talamante, PLLC, *for petitioner*.
*Traci Patton*, U.S. Department of Justice, Washington, DC, *for respondent*.

### RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

**Vowell**, Special Master:

On June 10, 2015, Kathy Cox filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that as a result of an influenza ["flu"] vaccination on October 9, 2014, she suffered a shoulder injury related to vaccine administration ["SIRVA"].  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 2, 2015, respondent filed a joint Rule 4(c) Report and Proffer on Damages ["Rule 4(c) Report and Proffer"] in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1, 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, respondent indicates that she has "concluded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration (SIRVA), and that it was caused in fact by the flu vaccine she received on October 9, 2014." *Id.* at 4. Respondent further indicates that she "did not identify any other causes for petitioner's SIRVA, and records show that she has suffered the sequela of her injury for more than six months." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

Respondent's proffer on award of compensation, attached hereto, indicates that petitioner should be awarded compensation in the amount of $83,000.00. Rule 4(c) Report and Proffer at 5.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $83,000.00 in the form of a check payable to petitioner, Kathy Cox.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Denise K. Vowell
Denise K. Vowell
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## PROFFER ON AWARD OF COMPENSATION

I. **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $83,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$83,000.00** in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

          Respectfully submitted,

          BENJAMIN C. MIZER
          Principal Deputy Assistant Attorney General

          RUPA BHATTACHARYYA
          Director
          Torts Branch, Civil Division

          VINCENT J. MATANOSKI
          Deputy Director
          Torts Branch, Civil Division

          LINDA S. RENZI
          Senior Trial Counsel
          Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/Traci R. Patton
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 353-1589
Fax: (202) 616-4310

Dated: September 2, 2015